## SCHMIDT & ZEIGLER v. STERN & MARTIN, ET AL.

### COURT OF APPEALS, GALVESTON TERM, 1883.

1. *Appellate jurisdiction of this court,* extends to a civil cause from the county court in which the amount in controversy was $102.20.

2. *Jurisdiction of State Courts---Case stated.*---The original judgment, which was the basis of the collateral judgment in this case was a personal one against non-residents of the State, obtained without personal service of citation upon the defendants within the State, and without bringing within the control and jurisdiction of the court any property belonging to the defendants. Held, that such judgment was void for want of jurisdiction over the persons of the defendants.

3. *Judgment---Garnishment.*---To warrant a valid judgment in a garnishment proceeding there must be a valid judgment against the defendant in the original suit. In default of Such, the garnishment proceedings are void.

4. *Note* the opinion for judgment reversed and suggestion of such as should be rendered in a garnishment proceeding upon an invalid judgment.

Appeal from Washington County.

Opinion by Willson, J.

C. Wenar & Co. sued Schmidt & Zeigler in the county court of Washington county to recover an alleged indebtedness. Schmidt & Zeigler were non-residents of this State, and service of citation in said suit was had upon them in accordance with articles 1230, 1231, 1232 and 1233 of the Revised Statutes. They failed to appear and answer in the suit, and judgment was rendered against them in favor of Wenar & Co.

Thereafter Wenar & Co. sued out a writ of garnishment upon said judgment against appellees, Stern & Martin, and said garnishees answered that they were indebted to said Schmidt & Zeigler in the sum of $99.20, but doubting the validity of the judgment upon which the garnishment was founded, they prayed that Wenar & Co. should be required to indemnify them before being allowed to recover said indebtedness. It was adjudged by the court that Wenar & Co. should recover of said garnishees $99.20, but should execute and deliver to said garnishees a bond in the sum of $150, conditioned to save them harmless against Schmidt & Zeigler, to the extent and amount which said garnishees might pay upon said judgment. Garnishees paid said judgment amounting to said sum of $99.20.

Schmidt & Zeigler brought this suit to recover from Stern & Martin $102.20, balance of amount alleged to be due by the latter to the former, and which is the same indebtedness involved in the garnish-

ment proceeding. Stern & Martin pleaded the garnishment proceeding and the payment of the garnishment judgment in defense, and also set up the indemnity bond against Wenar & Co. and their sureties, and prayed that said Wenar & Co. and their sureties upon said bond be made parties to the suit, and that in the event it should be held thst the payment of the garnishment judgment was not a valid defense to this action, then that they have judgment over against said Wenar & Co. and their said sureties for said sum of $99.20 and interest and costs.

In the county court, to which court the cause had been taken by appeal, it was adjudged that the payment of the garnishment judgment by Stern & Martin, was a valid defense to the suit of Schmidt & Zeigler—that the judgment recovered by C. Wenar & Co. against Schmidt & Zeigler, was a valid judgment, and that said Schmidt & Zeigler take nothing by this suit.

1. Appellees suggest that this appeal should be dismissed because the amount in controversy is not within the jurisdiction of this court. We understand the amount in controversy to be the amount sued for, which is $102.20, and not the amount of the garnishment judgment, and we hold, therefore, that the court has jurisdiction to entertain and determine the appeal.

2. It is contended by appellants that the judgment rendered against them in favor of Wenar & Co., is void for want of jurisdiction over their persons, they being non-residents of the State. We think this position is correct. It was a judgment *in personam* against non-residents of the State, obtained without personal service of citation upon the defendants within the State, and without bringing within the control and jurisdiction of the court, any property belonging to the defendants. Whatever views may at one time have been entertained by the courts of our State, as to the validity of such a judgment, it is now too well settled to admit of controversy, that it is absolutely void, and cannot be the basis of any right. Penoyer v. Neff, 95 U. S. 714; St. Clair v. Cox, 106 U. S., 353; Pana v. Bowler, 107 U. S., 545; Laughlin v. La. & N. O. In. Co. Sup. Ct. La., Dec. 18, 1883; Freeman on Judg., sec. 564; White v. Willson, Con. Rep. sec. 129.

3. To authorize a valid judgment in a garnishment proceeding, there must be a valid judgment against the defendant in the original suit. There being no such valid judgment against the defendant in

the original suit in this case, the proceeding by garnishment was void, and the payment made by the garnishees can be no defense against the demand of appellants in this action.

4.   We are of the opinion that appellants are entitled to recover of Stern & Martin whatever amount the evidence may show to be due them, and that Stern & Martin are entitled to recover of Wenar & Co. and the sureties upon said indemnity bond, the sum of $99.20, paid upon said void judgment, together with legal interest thereon and costs.   We cannot render here such judgment as should be rendered because it is not definitely shown by the record what amount appellants are entitled to recover of appellees, Stern & Martin, appellants claiming the amount to be $102.20, while Stern & Martin admit an indebtedness of only $99.20.   We therefore reverse the judgment and remand the cause for a new trial.